IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Jacqueline H. Lower, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 50154 |
| | ) | |
| Thomas M. Sheehan; Advocate Good Shepherd Hospital; | ) | |
| Village of Fox River Grove, Illinois; John Doe #1, | ) | |
| individually, and in his official capacity as a police officer | ) | |
| for the Village of Fox River Grove, Illinois; John Doe #2 | ) | |
| individually, and in his official capacity as a police officer | ) | |
| for the Village of Fox River Grove, Illinois; Eldee Jackson, | ) | |
| individually, and in his official capacity as an emergency | ) | |
| medical technician for the Village of Fox River Grove, | ) | |
| Illinois; Sherilee Stadie, individually, and in her official | ) | |
| capacity as an emergency medical technician for the Village | ) | |
| of Fox River Grove, Illinois; Katrina Miller, individually, | ) | |
| and in her official capacity as an emergency medical | ) | |
| technician for the Village of Fox River Grove, Illinois; | ) | |
| Provena Saint Joseph Hospital; | ) | |
| | ) | |
| Defendants. | ) | |

FILED
AUG 21 2006
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## COMPLAINT

NOW COMES the Plaintiff Jacqueline H. Lower, by and through her attorneys, James T. Harrison and R. Glenn Gable, and complaining of the Defendants Thomas M. Sheehan; Advocate Good Shepherd Hospital; Village of Fox River Grove, Illinois; John Doe #1, individually, and in his official capacity as a police officer for the Village of Fox River Grove, Illinois; John Doe #2 individually, and in his official capacity as a police officer for the Village of Fox River Grove, Illinois; Eldee Jackson, individually, and in his official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois; Sherilee Stadie, individually, and in her official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois; Katrina Miller, individually, and in her official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois; Provena Saint Joseph Hospital, states and alleges as follows:

1

## Jurisdiction

1. This complaint contains Seven counts. Counts I-III arise under the Civil Rights Act of 1871, 42 U.S.C. §1983. The Court's original jurisdiction over Counts I-III is invoked pursuant to 28 U.S.C. 1331, federal question jurisdiction. Counts IV-VII arise under Illinois law and the Court has jurisdiction over Counts IV-VII pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

## Venue

2. Venue for Plaintiffs' amended complaint is proper in the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. 1391(b).

## Parties

3. At all times relevant hereto, Plaintiff Jacqueline H. Lower (hereinafter "Lower") was a United States citizen and a resident of unincorporated Lake County, Illinois.

4. At all times relevant hereto, the Defendant Village of Fox River Grove, Illinois, (hereinafter "FRG") was a municipal corporation, organized under the laws of the State of Illinois. At all times relevant hereto, the Defendant FRG employed the Defendants John Doe #3 and John Doe #4 as police officers, and employed the Defendants Eldee Jackson, Sherilee Stadie, and Katrina Miller as Emergency Medical Technicians, and the conduct of the Defendants John Doe #1 and John Doe #2, Eldee Jackson, Sherilee Stadie, and Katrina Miller, complained of herein, was attributable to the Defendant FRG.

5. At all times relevant hereto, the Defendant John Doe #1 (hereinafter "John Doe #1") was an individual and a resident of the State of Illinois. At all times relevant hereto, the Defendant John Doe #1 was a duly appointed police officer for the Defendant Village of Fox River Grove, Illinois, pursuant to Illinois law. At all times relevant hereto, the conduct of the Defendant John Doe #1 occurred under color of law pursuant to his employment as police officer for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto the acts and/or omissions of the Defendant John Doe #1 were attributable to himself and to the Defendant Village of Fox River Grove, Illinois.

6. At all times relevant hereto, the Defendant John Doe #2 (hereinafter "John Doe #2") was an individual and a resident of the State of Illinois. At all times relevant hereto, the Defendant John Doe #2 was a duly appointed police officer for the Defendant Village of Fox River Grove, Illinois, pursuant to Illinois law. At all times relevant hereto, the conduct of the Defendant John Doe #2 occurred under color of law pursuant to his employment as police officer for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the acts and/or omissions of the Defendant John Doe #2 were attributable to himself and to the Defendant Village of Fox River Grove, Illinois.

7.  At all times relevant hereto, the Defendant Eldee Jackson (hereinafter "Jackson") was an individual and a resident of the State of Illinois. At all times relevant hereto, the Defendant Jackson was employed as an emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the conduct of the Defendant Jackson occurred under color of law pursuant to her employment as emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the acts and/or omissions of the Defendant Jackson were attributable to herself and to the Defendant Village of Fox River Grove, Illinois.

8.  At all times relevant hereto, the Defendant Sherilee Stadie (hereinafter "Stadie") was an individual and a resident of the State of Illinois. At all times relevant hereto, the Defendant Stadie was employed as an emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the conduct of the Defendant Stadie occurred under color of law pursuant to her employment as emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the acts and/or omissions of the Defendant Stadie were attributable to herself and to the Defendant Village of Fox River Grove, Illinois.

9.  At all times relevant hereto, the Defendant Katrina Miller (hereinafter "Miller") was an individual and a resident of the State of Illinois. At all times relevant hereto, the Defendant Miller was employed as an emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the conduct of the Defendant Miller occurred under color of law pursuant to her employment as emergency medical technician for the Defendant Village of Fox River Grove, Illinois. At all times relevant hereto, the acts and/or omissions of the Defendant Miller were attributable to herself and to the Defendant Village of Fox River Grove, Illinois.

10. At all times relevant hereto, the Defendant Thomas Sheehan (hereinafter "Sheehan") was an individual and a resident of unincorporated Lake County, State of Illinois. At all times relevant hereto, the acts of the Defendant Sheehan were attributable to himself individually.

11. At all time relevant hereto, the Defendant Advocate Good Shepherd Hospital, (hereinafter "Advocate Hospital") was an Illinois corporation, licensed to do business and doing business at 450 West Highway 22, in unincorporated Barrington, County of Lake, State of Illinois.

12. At all time relevant hereto, the Defendant Provena St. Joseph Hospital, (hereinafter "Provena Hospital") was an Illinois corporation, licensed to do business and was doing business at 77 North Airlite, in the City of Elgin, County of Kane, State of Illinois.

## FACTS

13. On August 20, 2005, after twenty years of marriage, Plaintiff and Defendant Sheehan discussed Defendant Sheehan's desire for a divorce; Plaintiff was emotionally upset by the discussion.

14. On August 21, 2005, while clearing the breakfast dishes, Plaintiff become overwhelmed with emotion and upset over the announcement that Defendant Sheehan wanted a divorce and threw some of the dishes she had cleared to the ground; Defendant Sheehan was not present in the room at the time that Plaintiff broke the dishes; Defendant Sheehan called the police.

15. Moments later the police arrived at and came into Plaintiff home; Plaintiff informed the police that Defendant Sheehan had announced his intentions to divorce, and Plaintiff explained to the police her frustration over the matter which culminated in her throwing the dishes to the ground.

16. The police gave Plaintiff information on women's shelters and told the Plaintiff that it was not illegal to break her own dishes; the police then left Plaintiff's home without further incident.

17. Later that same day, Plaintiff discovered that her house keys, car keys and office keys were missing; Plaintiff confronted Defendant Sheehan about her missing keys but the Defendant Sheehan would not answer Plaintiff.

18. Plaintiff then left the house, went outside and tended to some gardening tasks and then decided to take a walk into Fox River Grove, Illinois.

19. Plaintiff walked to a friend's house and from there Plaintiff walked to the train station in Fox River Grove to make a telephone call; Plaintiff then walked away from the train station to the Dominick's Food Store at the corner of Route 14 and Route 22 in the Village of Fox River Grove, Illinois; Plaintiff bought paper, envelopes and stamps, and then prepared a letter for mailing.

20. Plaintiff then left Dominick's and began to walk across the parking lot to the Post Office to mail her letter; while crossing the lot, Defendant Sheehan accosted Plaintiff in his vehicle and demanded that Plaintiff get into the vehicle with him; Plaintiff refused to get into the vehicle with the Defendant Sheehan.

21. Plaintiff continued to cross the lot to the Post Office, mailed her letter, and then walked across the parking lot to McDonalds to buy a cup of coffee; once inside McDonalds, Plaintiff purchased coffee and then sat down to drink her cup of coffee.

22. Moments later, at approximately 3:07 p.m. on August 21, 2005, Defendant police officers John Doe #1 and John Doe #2 of the Village of Fox River Grove Police

Department converged upon McDonalds accompanied by the Defendant paramedics Jackson, Stadie and Miller of the Village of Fox River Grove Fire Department.

23. Defendants Fox River Grove police officers and paramedics accosted Plaintiff at her table in McDonalds and instructed Plaintiff to get into the ambulance; Plaintiff refused to get into the ambulance and asked the Defendant police officers what she had done in violation of the law; Plaintiff received no response.

24. At no time relevant hereto did the Plaintiff engage in any conduct that would subject her to involuntary admission to a mental health facility under the Mental Health and Developmental Disabilities Code, 405 ILCS 5/101 et seq.

25. At no time relevant hereto was the Plaintiff in such a condition that immediate hospitalization was necessary for the protection of the Plaintiff or others from physical harm.

26. Defendants Fox River Grove police and/or paramedics interviewed Defendant Sheehan, who relayed that Plaintiff had made no threatening statements but "had run away from the house" and "was not acting right."

27. Defendant Sheehan offered to sign a petition to have Plaintiff involuntarily committed; Defendants Fox River Grove police and paramedics told the Plaintiff that she would be involuntarily committed to the hospital if she did not get into the ambulance; Plaintiff then relented and submitted to the custody of the Defendants John Doe #1, John Doe #2, Jackson, Stadie, and Miller. 405 ILCS 5/3-402.

28. Plaintiff was transported to Defendant Advocate Hospital and was placed into a small room with a security guard posted at the door; Plaintiff was not permitted to leave the room for any purpose.

29. Some substantial amount of time later, the Plaintiff was informed by an employee of the Defendant Advocate Hospital that she was going to be involuntarily admitted, but that there was no bed available at Advocate Hospital and that Plaintiff was going to be transported to Defendant Provena Hospital in Elgin; Plaintiff did not agree to admission and refused to sign the authorization for Defendant Advocate Hospital to transport Plaintiff to the Defendant Provena Hospital.

30. Employees/agents of the Defendant Advocate Hospital then strapped Plaintiff down onto a gurney and transported her against her will from the Defendant Advocate Hospital in Barrington, Illinois, to the Defendant Provena Hospital in Elgin, Illinois, all the time in restraints.

31. Upon her arrival at the Defendant Provena Hospital, Plaintiff was taken into a room and was subjected to an "intake session" with various employees of the Defendant Provena Hospital.

32. During the intake session, Plaintiff explained the circumstances that had occurred with her husband, Defendant Sheehan; Plaintiff was informed by the Defendant Provena Hospital intake personnel that Plaintiff would need to voluntarily signed herself into the facility to prevent her husband from having access to her medical records.

33. Plaintiff signed the voluntarily admission papers under duress and in order to protect the confidentiality of her medical records; thereafter, Plaintiff was placed in a patient room in the Defendant Provena Hospital's facility.

34. Upon her admission to the Defendant Provena Hospital, Plaintiff was not informed orally or in writing of her right to be discharged from the facility and no copy of the application for discharge form was ever given to the Plaintiff.

35. After her admission to the Defendant Provena Hospital, Plaintiff was emotionally distraught and suffering from extreme mental anguish.

36. From August 21, 2005 through August 29, 2005 Plaintiff made repeated requests to be released from the Defendant Provena Hospital.

37. On or about August 24, 2005, Plaintiff again requested to be released from the Defendant Provena Hospital; Plaintiff was informed that she was going to be released from the hospital on August 26, 2005 but that the Defendant Sheehan requested that Plaintiff be kept at the hospital until August 29, 2005 so that the Defendant Sheehan could move out of the house over the weekend.

38. On or about August 25, 2005, Plaintiff was served with civil process, a petition for dissolution of marriage filed by the Defendant Sheehan; Defendant Provena Hospital took receipt of the civil process on Plaintiff's behalf, and Susan Christensen, a social worker employee of the Defendant Provena Hospital, physically served the Plaintiff with the petition for dissolution of marriage within the Defendant Provena Hospital's facility.

39. On or about August 29, 2005, Plaintiff was released from the Defendant Provena Hospital.

40. Upon her arrival home, Plaintiff found that her husband, Defendant Sheehan, had moved out of the marital home, he had removed the key to their mutual law office from her key ring, he had removed from the marital residence most things of value belonging to the couple, and he had taken the children with him.

## COUNT I

**42 U.S.C. §1983 – Unreasonable Seizure – Fourth Amendment**

**Against the Defendants: Village of Fox River Grove, Illinois; John Doe #1 and John Doe #2, individually and in their official capacity as police officers for the**

**Village of Fox River Grove, Illinois; Eldee Jackson, individually and in his official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois; Sherilee Stadie, individually and in her official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois; and Katrina Miller, individually and in her official capacity as an emergency medical technician for the Village of Fox River Grove, Illinois**

41-80. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 41 through 80 of Count I herein.

81. 42 U.S.C. §1983 provides that "Every person who, under color of any statute, ordinance regulation, custom, or usage, or and State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

82. At all times relevant hereto, the Defendants John Doe #1, John Doe #2, Eldee Jackson, Sherilee Stadie and Katrina Miller were "persons" within the meaning of 42 U.S.C. §1983.

83. The Fourth Amendment of the United States Constitution guarantees persons, including the Plaintiff Jacqueline H. Lower, the right to be free from unreasonable seizures of her person.

84. Illinois law, the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq. provides a statutory process for the emergency involuntary admission of an adult to a mental health facility. 405 ILCS 5/3-600 et seq.

85. At all times relevant hereto, it was the duty of Defendants John Doe #1 and John Doe #2 as police officers for the Defendant Fox River Grove, Illinois, to act reasonably and in compliance with the Fourth Amendment and the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq.

86. That Defendants John Doe #1 and John Doe #2 had no reasonable grounds to believe that Plaintiff was subject to involuntary admission and in need of immediate hospitalization to protect herself or others from physical harm.

87. That the Defendants John Doe #1 and John Doe #2 failed to comply with the provisions of the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq., and improperly seized the person of the Plaintiff.

88. That no reasonable municipal police officer in the position of Defendants John Doe #1 and John Doe #2 would have seized the person of the Plaintiff in violation of Illinois law.

89. At all times relevant hereto, it was the duty of Defendants Eldee Jackson, Sherilee Stadie and Katrina Miller as emergency medical technicians for the Defendant Fox River Grove to act reasonably and in compliance with the Fourth Amendment and the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq.

90. That Defendants Jackson, Stadie and Miller had no reasonable grounds to believe that Plaintiff was subject to involuntary admission and in need of immediate hospitalization to protect herself or others from physical harm.

91. That the Defendants Jackson, Stadie and Miller failed to comply with the provisions of the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq., and improperly seized the person of the Plaintiff.

92. That no reasonable municipal emergency medical technician in the position of Defendants Jackson, Stadie and Miller would have seized the person of the Plaintiff in violation of Illinois law.

93. The acts and/or omissions of the Defendants were intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the constitutionally protected civil rights of the Plaintiff Jacqueline H. Lower.

94. The acts and/or omissions of the Defendants occurred under color of law within the meaning of 42 U.S.C. §1983.

95. The conduct of the Defendants in seizing the person of the Plaintiff Jacqueline H. Lower constituted an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

96. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff was caused to suffer loss of her liberty, extreme mental anguish, emotional distress, embarrassment, personal indignity, great suffering and loss.

97. Pursuant to 42 U.S.C. §1983, Defendants are liable to Plaintiff Jacqueline H. Lower for civil damages and other relief for violation of the Plaintiff's Constitutional civil rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendants as follows:

    a) Compensatory damages and in an amount in excess of $500,000;

    b) An award of Plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

    c) Punitive damages against the Defendants John Doe #1, John Doe #2, Edlee Jackson, Sherilee Stadie and Katrina Miller in their individual capacities and in the maximum amount available at law;

d) Such other and further relief as this Court deems just and proper.

## COUNT II

### 42 U.S.C. §1983 – Deprivation of Liberty – Fourteenth Amendment

**Against the Defendants: Village of Fox River Grove, Illinois; Eldee Jackson, individually and in his official capacity as a medical officer for the Village of Fox River Grove, Illinois; Sherilee Stadie, individually and in her official capacity as a medical officer for the Village of Fox River Grove, Illinois; and Katrina Miller, individually and in her official capacity as a medical officer for the Village of Fox River Grove, Illinois**

98-137. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 98 through 137 of Count II herein.

138. 42 U.S.C. §1983 provides that "Every person who, under color of any statute, ordinance regulation, custom, or usage, or and State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States of other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

139. At all times relevant hereto, the Defendants John Doe #1, John Doe #2, Eldee Jackson, Sherilee Stadie and Katrina Miller were "persons" within the meaning of 42 U.S.C. §1983.

140. The Fourteenth Amendment of the United States Constitution guarantees persons, including the Plaintiff Jacqueline H. Lower, the right to be free from deprivations of her liberty without due process of law.

141. Illinois law, the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq. provides a statutory process for the emergency involuntary admission of an adult to a mental health facility. 405 ILCS 5/3-600 et seq.

142. At all times relevant hereto, it was the duty of Defendants John Doe #1 and John Doe #2 as police officers for the Defendant Fox River Grove to act reasonably and in compliance with the Fourteenth Amendment and the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq.

143. That Defendants John Doe #1 and John Doe #2 had no reasonable grounds to believe that Plaintiff was subject to involuntary admission and in need of immediate hospitalization to protect herself or others from physical harm.

144. That the Defendants John Doe #1 and John Doe #2 failed to comply with the procedural due process provisions of the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq., and deprived the Plaintiff of her liberty.

145. At all times relevant hereto, it was the duty of Defendants Jackson, Stadie and Miller as emergency medical technicians for the Defendant Fox River Grove to act reasonably and in compliance with the Fourteenth Amendment and the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq.

146. That Defendants Jackson, Stadie and Miller had no reasonable grounds to believe that Plaintiff was subject to involuntary admission and in need of immediate hospitalization to protect herself or others from physical harm.

147. That the Defendants Jackson, Stadie and Miller failed to comply with the procedural due process provisions of the Mental Health and Developmental Disabilities Code, 405 ILCS 5/3-600 et seq., and deprived the Plaintiff of her liberty.

148. The acts and/or omissions of the Defendants were intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the constitutionally protected civil rights of the Plaintiff Jacqueline H. Lower.

149. The acts and/or omissions of the Defendants occurred under color of law within the meaning of 42 U.S.C. §1983.

150. The conduct of the Defendants deprived the Plaintiff of her liberty interest in violation of the Fourteenth Amendment of the United States Constitution.

151. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff was caused to suffer loss of her liberty, extreme mental anguish, emotional distress, embarrassment, personal indignity, great suffering and loss.

152. Pursuant to 42 U.S.C. §1983, Defendants are liable to Plaintiff Jacqueline H. Lower for civil damages and other relief for violation of the Plaintiff's Constitutional civil rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendants as follows:

a) Compensatory damages and in an amount in excess of $500,000;
b) An award of Plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;
c) Punitive damages against the Defendants John Doe #1, John Doe #2, Eldee Jackson, Sherilee Stadie and Katrina Miller in their individual capacities and in the maximum amount available at law;
d) Such other and further relief as this Court deems just and proper.

## COUNT III

**42 U.S.C. §1983 – Failure to Train or Supervise – Fourth & Fourteenth Amendment**

**Against the Defendants: Village of Fox River Grove, Illinois**

153-192.   Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 153 through 192 of Count III herein.

193.   The Fourth Amendment of the United States Constitution guarantees persons, including the Plaintiff Jacqueline H. Lower, the right to be free from unreasonable governmental searches or seizures.

194.   The Fourteenth Amendment to the United States Constitution guarantees persons, including the Plaintiff Jacqueline H. Lower, the right to be free from deprivation of liberty without due process of law.

195.   At all times relevant hereto the Defendant Village of Fox River Grove maintained a custom, policy, and/or practice of directing its police officers to assist in enforcement of the involuntary admission of an adult to a mental health facility.

196.   At all times relevant hereto the Defendant Village of Fox River Grove maintained a custom, policy, and/or practice of directing its emergency medical technicians to assist in enforcement of the involuntary admission of an adult to a mental health facility.

197.   At all times relevant hereto, it was the duty of the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller to act reasonably and to comply with and to correctly enforce Illinois laws, including Illinois law pertaining to the involuntary admission of an adult to a mental health facility.

198.   At all times relevant hereto, it was the duty of the Defendant Fox River Grove to adequately train and supervise its employees, including the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller, in the normal, recurring duties of their employment, including the involuntary admission of an adult to a mental health facility.

199.   That it is a normal, recurring official duty of the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller to assist in and/or to enforce the involuntary admission of an adult person to a mental health facility.

200.   No reasonable police officer in the position of Defendants John Doe #1 and John Doe #2 would have seized the person of the Plaintiff and subjected her to involuntary admission to a mental health facility.

201. No reasonable emergency medical technician in the position of Defendants Jackson, Stadie and Miller would have seized the person of the Plaintiff and subjected her to involuntary admission to a mental health facility.

202. The Defendant Village of Fox River Grove, Illinois failed to adequately train and/or to supervise the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller regarding its custom, policy and/or practice concerning the involuntary admission of an adult to a mental health facility.

203. The Defendant Fox River Grove's failure and/or refusal to adequately train and/or supervise its employees, including the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller, constituted a custom, practice, and/or policy of the Defendant Village of Fox River Grove within the meaning of 42 U.S.C. §1983.

204. The Defendant Fox River Grove's failure to adequately train and/or supervise its police officers and emergency medical technicians, including Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller, resulted in the Defendants' John Doe #1, John Doe #2, Jackson, Stadie and Miller's un-preparedness to correctly perform their usual and customary duties.

205. The need for additional training was so obvious that the Defendant Fox River Grove knew, or reasonably should have known that the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller's lack of adequate training was likely to result in the deprivation of the constitutional rights of persons who came into contact with the Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller, including the Plaintiff.

206. The Defendant Fox River Grove's custom, practice, and/or policy of failing to adequately train and/or supervise its police officers and emergency medical technicians, including Defendants John Doe #1, John Doe #2, Jackson, Stadie and Miller, resulted in the deprivation of Plaintiff's constitutional civil rights under the Fourth and Fourteenth Amendments to the United States Constitution.

207. That as a direct and proximate result of the custom, practice and/or policy of the Defendant Fox River Grove, the Plaintiff was deprived of her constitutional right to liberty pursuant to the Fourteenth Amendment to the United States Constitution.

208. That as a direct and proximate result of the custom, practice and/or policy of the Defendant Fox River Grove, the Plaintiff was deprived of her constitutional right to freedom from unreasonable seizure pursuant to the Fourth Amendment to the United States Constitution.

209. That as a direct and proximate result of the custom, practice, and/or policy of the Defendant Fox River Grove, the Plaintiff was caused to suffer loss of her liberty, extreme mental anguish, emotional distress, embarrassment, personal indignity, great suffering and loss.

210. That the acts and/or omissions of the Defendant occurred under color of law within the meaning of 42 U.S.C. §1983.

211. Pursuant to 42 U.S.C. §1983, the Defendant Village of Fox River Grove, Illinois, is liable to the Plaintiff for civil damages and other relief for the violation of the Plaintiff's constitutional civil rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendant Village of Fox River Grove, Illinois, as follows:

- a) Compensatory damages and in an amount in excess of $500,000;
- b) An award of Plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;
- c) Such other and further relief as this Court deems just and proper.

## COUNT IV

### False Light – Invasion of Privacy – Illinois Common Law

### Against the Defendant Thomas M. Sheehan

212-251. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 212 through 251 of Count IV herein.

252. Illinois common law prohibits actions that invades another person's privacy and places the person in a false light before the public.

253. That on August 21, 2005, the Defendants Sheehan made statements concerning the Plaintiff which placed the Plaintiff in a false light before the public.

254. The Defendant knew or should have known that his statements concerning the Plaintiff were false, and/or the Defendant acted with reckless disregard for the truth or falsity of his statements concerning the Plaintiff.

255. The conduct of the Defendant Sheehan was highly offensive to a reasonable person.

256. The acts and/or omissions of the Defendant were intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the rights of the Plaintiff Jacqueline H. Lower.

257. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff was caused to suffer extreme mental anguish, emotional distress, embarrassment, personal indignity, great suffering and loss.

258. Pursuant to Illinois common law, Defendants Sheehan is liable to Plaintiff Jacqueline H. Lower for civil damages and other relief for violation of the Plaintiff's rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendants as follows:

a) Compensatory damages and in an amount in excess of $500,000;

b) Punitive damages against the Defendants Sheehan and in the maximum amount available at law;

c) Such other and further relief as this Court deems just and proper.

## COUNT V

### False Imprisonment – Illinois Common Law

**Against the Defendants Thomas M. Sheehan; Advocate Hospital; John Doe #1; John Doe #2, Eldee Jackson; Sherilee Stadie; Katrina Miller; Provena Hospital**

259-298. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 259 through 298 of Count V herein.

299. Illinois common law prohibits the unreasonable restraint of another person's liberty against their will.

300. That on August 21, 2006, the Defendants Sheehan, John Doe #1, John Doe #2, Jackson, Stadie, Miller, Advocate Hospital and Provena Hospital did cause the physical restraint of the Plaintiff to occur against her will, and did deprive the Plaintiff of her liberty and her freedom.

301. That the Defendants lacked reasonable grounds or sufficient cause to restrain the liberty of the Plaintiff against her will.

302. No lawful justification existed for the Defendants to restrain the Plaintiff against her will.

303. The acts and/or omissions of the Defendants were intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the rights of the Plaintiff Jacqueline H. Lower.

304. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff was caused to suffer loss of her liberty, extreme mental anguish, emotional distress, embarrassment, personal indignity, great suffering and loss.

305. Pursuant to Illinois common law, Defendants Sheehan, John Doe #1, John Doe #2, Jackson, Stadie, Miller, Advocate Hospital and Provena Hospital are liable to Plaintiff Jacqueline H. Lower for civil damages and other relief for violation of the Plaintiff's rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendants as follows:

- a) Compensatory damages and in an amount in excess of $500,000;
- b) Punitive damages against the Defendants Thomas M. Sheehan, John Doe #1, John Doe #2, Eldee Jackson, Sherilee Stadie, Katrina Miller, Advocate Hospital and Provena Hospital in the maximum amount available at law;
- c) Such other and further relief as this Court deems just and proper.

## COUNT VI

### Intentional Infliction of Emotional Distress – Illinois Common Law

### Against Defendant Thomas M. Sheehan

306-345. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 306 through 345 of Count VI herein.

346. Illinois common law prohibits the intentional infliction of emotional distress upon another.

347. Notwithstanding their common law duty, on August 21, 2005, by their conduct the Defendant intended to inflict emotional distress upon the Plaintiff.

348. The Defendant knew, or reasonably should have known that his conduct would result in a high probability of causing severe emotional distress to the Plaintiff.

349. The conduct of the Defendant was extreme and outrageous and beyond the bounds of human decency.

350. The acts and/or omissions of the Defendants were intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the rights of the Plaintiff Jacqueline H. Lower.

351. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff was caused to suffer extreme mental anguish, severe emotional distress, embarrassment, personal indignity, great suffering and loss.

352. Pursuant to Illinois common law, Defendant Sheehan is liable to Plaintiff Jacqueline H. Lower for civil damages and other relief for violation of the Plaintiff's rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendants as follows:

   a) Compensatory damages and in an amount in excess of $500,000;

   b) Punitive damages against the Defendant Thomas M. Sheehan in the maximum amount available at law;

   c) Such other and further relief as this Court deems just and proper.

## COUNT VII

**Violation of the Mental Health and Developmental Disabilities Confidentiality Act**

**Against the Defendant Provena Saint Joseph Hospital**

353-392. Plaintiff readopts by reference thereto and realleges as though fully set forth herein, Paragraphs 1 through 40 of Plaintiff's Complaint as Paragraphs 353 through 392 of Count VII herein.

393. Illinois law prohibits the disclosure of records and communications in connection with providing mental health or developmental disability services to a recipient.

394. At all times relevant hereto, the Plaintiff was a "recipient" within the meaning of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.

395. On or about August 25, 2005, the Defendant Provena Hospital received service of civil process on behalf of the Plaintiff Jacqueline H. Lower.

396. On or about August 25, 2005, Plaintiff was served with civil process by an employee/agent of the Defendant Provena, named Susan Christensen.

397. The civil process served upon the Plaintiff was a Petition for Dissolution of Marriage that had been filed by the Defendant Sheehan while Plaintiff was confined within the Defendant Provena Hospital facility.

398. On or about August 25, 2005, without Plaintiff's consent, the Defendant Provena communicated to a civil process server, information which indicated that the Plaintiff was

a recipient of mental health services, in violation of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/5.

399.  The acts and/or omissions of the Defendant Provena was intentional and/or occurred with willful and wanton disregard and/or reckless indifference to the statutory rights of the Plaintiff Jacqueline H. Lower

400.  As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff was caused to suffer extreme mental anguish, severe emotional distress, embarrassment, personal indignity, great suffering and loss.

401.  Pursuant to the Mental Health and Developmental Disabilities Confidentiality Act, the Defendant Provena Hospital is liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's statutory rights.

WHEREFORE, the Plaintiff Jacqueline H. Lower respectfully prays this Honorable Court grant judgment in her favor and against the Defendant Provena Hospital as follows:

a) Compensatory damages and in an amount in excess of $100,000;

b) Punitive damages against the Defendant Provena Hospital and in the maximum amount available at law;

c) An award of Plaintiff's reasonable attorney's fees and costs pursuant to 740 ILCS 110/15.

d) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

James T. Harrison
Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 (Fax)
Attorney No. 06207020

COUNTY OF MCHENRY   )
                               ) ss
STATE OF ILLINOIS   )

## Verification of Pleadings

I, Jacqueline H. Lower, under oath, hereby state and affirm that I have read the foregoing Complaint consisting of Seven Counts and Seventeen Pages, and that the information contained therein is true and accurate to the best of my knowledge and belief.

*Jacqueline H. Lower*
Jacqueline H. Lower

SIGNED AND SWORN to before me

this 21st day of August, 2006.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROLYN HARRISON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-13-2008